UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN O. TANDY | ) | CASE NO.  05-35140(13) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of American Tax Funding, LLC ("ATF") to the Order of Confirmation and Motion to Amend Plan and the Limited Objection to ATF's Objection to Order of Confirmation and Motion to Amend Plan of Debtor, John O. Tandy ("Debtor").  The Court considered the written submissions of the parties and the arguments of counsel.  For the following reasons the Court **OVERRULES** ATF's Objection.

## FACTS

On or about July 26, 2005, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.  By amendment to his Schedules filed September 14, 2005, Debtor listed ATF on Schedule E, Creditors Holding Unsecured Priority Claims, in an amount "unknown".

On September 16, 2005, an Order confirming Debtor's Chapter 13 Plan was entered.  The Plan did not provide for payment of ATF's claim.

ATF's claim is based upon Certificates of Delinquency issued to it upon its purchase of the claims of the Commonwealth of Kentucky on Debtor's unpaid property taxes for 2002 and 2004.  The claims totals $11,165.66 including interest, costs and fees from the date of the issuance of the

Certificates on August 23, 2003. Pursuant to KRS 134.460(1) such Certificates of Delinquency bear interest at 12% per annum simple interest.

Debtor does not dispute that ATF's claim is secured and that it is entitled to interest on its claim. Debtor, however, claims that the property in issue is not Debtor's principal residence and pursuant to 11 U.S.C. §1322, the interest can and should be modified to 6%, the rate of interest allowed to all of Debtor's other secured creditors.

## LEGAL ANALYSIS

ATF requests this Court to modify Debtor's Chapter 13 Plan to allow it to collect the statutory rate of interest, 12%, on Certificates of Delinquency pursuant to KRS 134.460(1). Debtor contends that controlling case law provides the Court with the authority to adjust the interest rate on such claims. The Court agrees with Debtor's analysis.

Debtor's Petition was filed on July 26, 2005, prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). ATF's argument that under the revisions to the Bankruptcy Code under BAPCPA, Debtor would be unable to modify the interest rate under 11 U.S.C. §511 is unavailing. The law applicable to this case, is that which was in effect prior to BAPCPA's date of enactment, October 17, 2005. Under the Code as it existed at the time of the filing of the Petition and prevailing case law, Debtor is authorized to modify the interest rate.

The delinquent property tax in issue applies to a commercial piece of property, not Debtor's principal residence. Under 11 U.S.C. §1322(b)(2) the bankruptcy court may modify the rights of any creditor whose claim is secured by an interest in anything other than real property that is the debtor's principal residence. This is sufficient authority for the Court to modify the interest rates on ATF's claim.

Additional authority is also found in Till v. SCS Credit Corp., 541 U.S. 465 (2004). In Till, the Supreme Court adopted the formula approach in determining appropriate interest rates on a loan crammed down in a chapter 13 case. In Till the Court formulated an approach by which the bankruptcy courts can adjust the prime rate according to the circumstances of the estate, the nature of the security, and the duration and feasibility of the plan. This so call "prime-plus" rate depends on the state of financial markets, the circumstances of the bankruptcy estate and the characteristics of the loan. Id. at 1961. In this manner, the bankruptcy court can select a rate high enough to compensate the creditor for its risk, but ensure that it is not so high as to doom the plan.

In In re Cachu, 321 B.R. 716 (Bankr. E.D. Cal. 2005), a California court used the prime-plus formula of Till on a taxing authority's claim for delinquent property taxes. The Court sees little distinction between the case at bar and the circumstances present in Cachu. There is ample authority to support the interest rate modification as proposed by Debtor on ATF's claim. This modification does not do violence to Kentucky's statutory scheme on Certificates of Delinquency and is in conformity with the Bankruptcy Code and prevailing case law applicable to this case.

## **CONCLUSION**

For those reasons set forth above, the Court **OVERRULES** ATF's Objection to the Order of Confirmation and Motion to Amend Plan. An Order accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
    JOHN O. TANDY           )        CASE NO.  05-35140(13)
                                      )
                   Debtor         )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of American Tax Funding, LLC to the Order of Confirmation and Motion to Amend the Plan, be and hereby is, **OVERRULED.**